544

HARRY F. SCHURER, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 2168. Promulgated March 30, 1944.

*Albert C. Hirsch, Esq.*, for the petitioner.
*Richard L. Shook, Esq.*, for the respondent.

OPINION.

SMITH, *Judge*: The question presented is whether the petitioner is entitled to deduct from his gross income of 1941, as traveling expenses incurred in the pursuit of his trade while away from home, the amounts spent for meals and lodging and train fare. The respondent disallowed these deductions for the reason stated in his deficiency notice as follows:

\* \* \* it has been held that travel expense between your place of residence and your places of employment, or between your several places of employment, as well as the cost of meals and lodging during your stay at said places of employment are personal expenses and are not deductible. It has been held, further, that a taxpayer may not keep his place of residence at a point where he is not engaged in carrying on a trade or business and take a deduction for living expenses while away from said residence. It has been held that the term "home", as used in that portion of Revenue Acts reading "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business", means your business location, post or station at which you were employed in the prosecution, conduct and carrying on of your trade or business, and does not mean your residence or legal domicile, which in this instance was Pittsburgh, Pennsylvania, throughout the taxable year 1941.

Section 23 (a) of the Internal Revenue Code authorizes the deduction of:

(1) \* \* \* All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including \* \* \* traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; \* \* \*

Section 24 disallows the deduction from gross income of "(1) Personal, living, or family expenses."

The income tax acts in force prior to 1921 did not specifically provide for the deduction from gross income of "traveling expenses" incurred in carrying on a trade or business. The Revenue Act of 1921 and all subsequent acts have carried such a provision, similar to section 23 (a) (1), Internal Revenue Code, above. The Report of the Senate Finance Committee, 67th Cong., 1st sess., S. Rept. 275,

has this to say of section 214 of the bill which later became the Revenue Act of 1921:

Section 214 allows substantially the same deductions in computing net income as are authorized under existing law, but adds the following provisions: (1) The deduction for business expenses is extended to include all traveling expenses incurred while away from home in the pursuit of a trade or business; * * * [p. 14.]

In explaining the revenue bill to Congress, Mr. Hawley, for the House Ways and Means Committee, stated:

In section 213 [section 214 (a) (1) of the act] provision is made for the deduction of traveling expenses of persons traveling on business. This will affect the commercial travelers of the country, and especially those who are traveling on a commission basis. Heretofore they have not been allowed this deduction, while those traveling on a salary have. This is a measure of justice and will also encourage the men who wish to enter business for themselves. [See Seidman's Legislative History of Federal Income Tax Laws 1938-1861, p. 822.]

The evidence in this case shows that the petitioner is a journeyman plumber, with his residence in Pittsburgh. He had to serve an apprenticeship of five years in order to learn his trade. Due to the heavy demand for plumbers to assist in war construction the petitioner agreed, at the request of his local union, to take temporary employment at Indiantown Gap, Pennsylvania, Aberdeen, Maryland, and Morgantown, West Virginia, all during 1941. While he was away from home his expenses of maintaining his home in Pittsburgh continued, even though possibly at a reduced rate by reason of his absence. While he was away from home he was in pursuit of his trade.

The respondent has disallowed the deduction of the petitioner's traveling expenses paid out in 1941 upon the ground that they were personal expenses. His position appears to be that while petitioner was on these assignments his "home" or "post of duty" was at his actual place of employment. The respondent cites *Mort L. Bixler*, 5 B. T. A. 1181; *Charles E. Duncan*, 17 B. T. A. 1088; affd. (C. C. A., 2d Cir.), 47 Fed. (2d) 1082; and *George W. Lindsay*, 34 B. T. A. 840, in support of his contention. We have examined these cases, but we do not think that their facts are parallel with those in the instant proceeding. Necessarily, each case involving a deduction of traveling expenses must be decided upon its own facts.

The facts in the instant proceeding are more like those which obtained in *Coburn* v. *Commissioner* (C. C. A., 2d Cir.), 138 Fed. (2d) 763. There a moving picture actor, whose home was in New York, accepted employment at Hollywood, California. He spent 263 days in 1938 in Hollywood, where he resided in a rented apartment on a month-to-month basis and incurred expenses of $2,630, which he claimed the right to deduct from gross income under section 23 (a) (1)

of the Revenue Act of 1938 as a business expense.   In its opinion the court said:

> In the ordinary meaning of the word Mr. Coburn's "home" was in New York, not in California.   The Commissioner urges that the statute uses the word in a special "tax sense" which compels the opposite conclusion.   But nothing in the statute bears evidence of any unusual meaning.   Ordinarily, it is true, a man maintains his "home" in the city or locality where he carries on his trade or business; and, if he chooses to live in the suburbs, it may well be that the expenses of daily travel between "home" and place of business are personal expenses rather than "traveling expenses" within the meaning of the revenue acts.   *Appeal of Sullivan*, 1 B. T. A. 93.   But granting this and assuming that the words of the statute may be given a special "tax sense", we are convinced that a taxpayer's home, even in such sense, ought to be limited to the place where he is regularly employed or customarily carries on business during the taxable year.   Coburn had no such place of business in California during 1938.   * * *

See also *Chester D. Greisemer*, 10 B. T. A. 386; *Walter F. Brown*, 13 B. T. A. 832; *Joseph W. Powell*, 34 B. T. A. 655.

We are of the opinion that the petitioner is entitled to deduct from his gross income of 1941 the amounts spent in 1941 for meals and lodging and for railroad and bus fares while away from his home in Pittsburgh.

*Decision will be entered under Rule 50.*