ARNOLD P. BARK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6065. Promulgated April 29, 1946.

*Albert C. Hirsch, Esq.*, for the petitioner.
*Karl W. Windhorst, Esq.*, for the respondent.

OPINION.

SMITH, *Judge*: The question presented is the right of petitioner to deduct from his gross income of 1941 $649.65 for hotel rooms and $749.05 for meals spent in 1941 while the petitioner was in Philadelphia. The disallowed items are claimed as deductions from gross income under section 23, Internal Revenue Code, as amended, which permits the deduction from gross income of:

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

(A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reason-

able allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *

Section 24, Internal Revenue Code, provides in material part as follows:

(a) GENERAL RULE.—In computing net income no deduction shall in any case be allowed in respect of—
(1) Personal, living, or family expenses.

Section 19.23 (a)-2 of Treasury Regulations 103, promulgated under the provisions of the Internal Revenue Code, states:

SEC. 19.23 (a)-2. *Traveling expenses.*—Traveling expenses, as ordinarily understood, include railroad fares and meals and lodging. If the trip is undertaken for other than business purposes, the railroad fares are personal expenses and the meals and lodging are living expenses. If the trip is solely on business, the reasonable and necessary traveling expenses, including railroad fares, meals, and lodging, are business expenses.

* * * * * * *
* * * Only such expenses as are reasonable and necessary in the conduct of the business and directly attributable to it may be deducted. * * *
* * * * * * *
Commuters' fares are not considered as business expenses and are not deductible.

In *Commissioner* v. *Flowers*, 326 U. S. 465, it was said of this regulation that it:

* * * is precisely the same as that given to identical traveling expense deductions authorized by prior and successive Revenue Acts, is deemed to possess implied legislative approval and to have the effect of law. * * *

Whether or not such expenses as those here involved are legal deductions from gross income as "traveling expenses" under the law and the regulations of the Commissioner must be determined upon the facts of the particular case. Where a taxpayer in the prosecution of his trade or business is required to travel, all of his traveling expenses, including amounts spent for meals and lodging, while away from home, are legal deductions from gross income. Thus, any business man or professional man who is required to travel to earn his income is entitled to deduct his traveling expenses. Even where a man has no office or place of business in his home city he is entitled to deduct as traveling expenses amounts spent for transportation and for meals and lodging while away from home in the pursuit of his trade.

In *Harry F. Schurer*, 3 T. C. 544, we held that a journeyman plumber, whose home was in Pittsburgh and who in 1941 accepted temporary employment at different locations, was entitled to deduct amounts spent for board and lodging and railroad and bus fares while

away from home in earning his compensation. The question arises whether the facts of this case bring it within the ambit of the *Schurer* case.

The petitioner contends that his employment with the Midvale Co. was on a temporary basis and that the ruling made in the *Schurer* case is likewise applicable to him.

We do not think that the facts here are comparable with those which obtained in the *Schurer* case. Although the petitioner well understood when he accepted his first employment with the Midvale Co. that it was to be for a period of only three or four months, the situation was vastly different so far as it relates to the year 1941. What was originally temporary employment had by 1941 become an employment of indeterminate duration. Petitioner's post of duty was Philadelphia. None of the traveling by the petitioner in 1941 with which we are here concerned was in pursuance of the petitioner's trade or business. If he had moved his family to Philadelphia where his post of duty was he would not have been required to travel from Philadelphia to Pittsburgh and would have had no claim to the deduction of his board and lodging in Philadelphia. The retention of his home in Pittsburgh was by the petitioner's choice. We think that the petitioner is not entitled to the deduction of the items here in question as traveling expenses.

The facts in this case are strikingly similar to those which obtained in *Mort L. Bixler*, 5 B. T. A. 1181. The taxpayer there was a resident of Mobile, Alabama. It was his practice to obtain contracts for the organization and management of state and municipal fairs and expositions. He claimed the right to deduct from his gross income amounts spent by him for railroad fare, lodging, meals, and laundry while away from home. In our opinion we stated:

* * * In the opinion of the Board, traveling and living expenses are deductible under the provisions of this section [section 214 (a) (1), Revenue Act of 1921] only while the taxpayer is away from his place of business, employment, or the post or station at which he is employed, in the prosecution, conduct, and carrying on of a trade or business. A taxpayer may not keep his place of residence at a point where he is not engaged in carrying on a trade or business, as this petitioner testified was true in this instance, and take a deduction from gross income for his living expenses while away from home. We think section 214 (a) (1) intended to allow a taxpayer a deduction of traveling expenses while away from his post of duty or place of employment on duties connected with his employment. During the taxable year this petitioner was not engaged in the carrying on or pursuit of any trade or business at Mobile. * * *

We therefore disallowed the deductions claimed.

For a like reason we are of the opinion that the petitioner is not entitled to the deductions here claimed. He had no office or place of business in Pittsburgh and the disallowed items can not properly be

regarded as "traveling expenses." See also *Commissioner* v. *Flowers*, *supra*.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

MURDOCK, *J.*, dissenting: I do not think this case can be distinguished satisfactorily from the case of *Harry F. Schurer*, 3 T. C. 544. Furthermore, I do not understand how the Commissioner could allow the expense of the petitioner's railroad tickets to visit his family and deny the living expenses while away from Pittsburgh. It should have been just the other way around.

TURNER and VAN FOSSAN, *JJ.*, agree with this dissent.