Harry A. Rapelye v. Commissioner.
Rapelye v. Commissioner
Docket No. 9326.
United States Tax Court
1946 Tax Ct. Memo LEXIS 163; 5 T.C.M. (CCH) 485; T.C.M. (RIA) 46139; June 13, 1946
*163 Household and garage rental expenditures paid by the petitioner in New York where he was employed by the Continental Can Company are not deductible as traveling expenses under section 23 (a) (1) (A). Commissioner v. Flowers, 326 U.S. 465 (Jan. 2, 1946), followed. M. M. Daubin, Esq., Munsey Bldg., Washington, D.C., for the petitioner. E. M. Woolf, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in income tax for the calendar year 1943, in the amount of $687.66. The sole issue is *164 whether the Commissioner erred in disallowing a deduction for lodging and garage expenses claimed by petitioner to be deductible as "traveling expenses" under section 23 (a) of the Internal Revenue Code. Findings of Fact The petitioner, Harry A. Rapelye, now resides in Washington, D.C., where since March 1944, he has been manager of the Washington office of the Continental Can Company. He filed his income tax return for the year 1943 with the collector of internal revenue at Baltimore. Prior to December 1941, the petitioner was employed at a salary of $8,500 per year by the Continental Can Company as manager of that company's manufacturing and sales operations at Kansas City, Missouri. He owned a home in Kansas City, and he paid taxes, voted and belonged to civic and social clubs there. In December 1941, the War Production Board in Washington, D.C., requested petitioner's services and on December 5th of that year he came to Washington where he accepted a position with that agency at $1 a year and a $10 per day expense allowance. He held the position until March 15, 1943. Although the petitioner continued to receive a salary of $8,500 per year from the Continental *165 Can Company while employed by the War Production Board, he did not perform any services for the Can Company. He rented a bachelor apartment in Washington, D.C., while he was in the employ of the War Production Board. On March 15, 1943, he left his full-time job with the War Production Board. Thereafter, for a time he acted as a consultant for that agency for which he received $10 for expenses for each day's services performed by him. On that date petitioner resumed his work for Continental Can Company at its home office in New York City. His office and headquarters were in New York City and that is the only place where he had an office. Beginning about July 1, 1943, the Can Company raised his salary to $12,000 per year. At the New York office the petitioner acted as an assistant to one of the vice-presidents of the company. He performed services for the company in Nashville, Chicago, and Reading, Pennsylvania, as well as in New York City. He was reimbursed for all expenses, including railroad fares, meals, and lodgings incurred while performing business for the Can Company while away from New York City. About March 15, 1944, petitioner was made manager of the company's Washington *166 office. In New York City the petitioner rented furnished hotel lodgings. His wife resided there with him. He rented his Kansas City house to others during a part or all of 1943. On his income tax return for 1943, the petitioner deducted the sum of $2,017. That sum was made up of $175 for apartment hotel rent in Washington, D.C., paid prior to March 15, 1943, $150.20 garage rental in New York, and the balance for living quarters in New York. Prior to March 15, 1943, the petitioner had received $10 per day expense money from the War Production Board which he did not take into income. Petitioner did not use his personal automobile for business purposes. The respondent disallowed the deduction in its entirety. Opinion ARUNDELL, Judge: Section 24(a) of the Internal Revenue Code specifically precludes a deduction from gross income for "Personal, living, or family expenses, * * *." Upon the premise that the instant expenditures fall within the scope of that provision, the respondent has disallowed that deduction. The petitioner asserts that the items are traveling expenses incurred by him while away from his home in the pursuit of a trade or business under section *167 23 (a) (1) (A). On March 15, 1943, the petitioner resumed his employment with the Continental Can Company and was stationed in the home office of that company at New York City. He served as a special assistant to one of the vice-presidents of the company or, as petitioner described it, "general handy man for one of our vice-presidents who was stationed in New York". During the course of 1943 his duties required him to travel to Nashville, Chicago and to Reading, Pennsylvania. His employer reimbursed him for all traveling expenses, including meals and lodgings, while he was away from New York in pursuit of the company's business. The petitioner did not have an office or desk at any place except in New York City. There is no indication whatsoever that his employment in New York was to be of a temporary duration only, or that he expected to return to Kansas City. He left Kansas City in 1941 and has never returned to take up his residence there. On the contrary, in 1944 he was serving his employer as manager of the Washington office. The evidence is not clear but it appears that petitioner rented his house in Kansas City to others. He rented lodgings in an apartment hotel in New York *168 City and his wife resided there with him. In the light of these facts, it would be impossible to find that either petitioner's principal post of employment or his "home" was at any place other than New York after March 15, 1943, to the end of that year. The petitioner's argument is fatally defective when measured by the test set forth by the Supreme Court in Commissioner v. Flowers, 326 U.S. 465 (Jan. 2, 1946). The lodging expenses and garage rental for his personal car, which admittedly he did not use for business purposes, were not in furtherance of his employer's business and added nothing to its conduct. Moreover, it is well established that the word "home" as used in the statute means the principal place of business or post of employment and that a taxpayer may not keep his place of residence at a point where he is not engaged in a trade or business and take a deduction for traveling expenses while away from there. Walter M. Priddy, 43 B.T.A. 18; Barnhill v. Commissioner, 148 Fed. (2d) 913; Arnold P. Bark, 6 T.C. 851; S. M. R. O'Hara, 6 T.C. 841. On brief it appears that the petitioner has abandoned the claimed *169 deduction in the amount of $175 for lodgings in Washington, D.C., paid prior to March 15th, while he was employed by the War Production Board. He had received a living expense allowance of $10, none of which was taken into income by him. The respondent makes no issue with respect to the expense allowed so received or of the petitioner's right to offset his living expenses against such allowance. In the circumstances we shall let the matter rest. Decision will be entered for the respondent.