S. Gordon Taylor v. Commissioner.
S. Taylor v. Commissioner
Docket No. 13545.
United States Tax Court
1948 Tax Ct. Memo LEXIS 234; 7 T.C.M. (CCH) 150; T.C.M. (RIA) 48034; March 17, 1948
*234 S. Gordon Taylor, pro se. J. Richard Riggles, Jr., Esq., for the respondent. HARLAN Memorandum Opinion HARLAN, Judge: The Commissioner determined a deficiency in the petitioner's income tax for the year 1943 in the amount of $158.59. This deficiency arose because of the Commissioner's disallowance of a deduction for business expense of $646.50 claimed by the petitioner as "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of trade or business." The question before us pertains to the propriety of this deduction under the facts herein. [The Facts] Those facts are as follows. For some time prior to and during the taxable year petitioner maintained a home in New York City for his family consisting of himself, his wife, and his son who in 1943 was about sixteen years of age. Petitioner was a legal resident of and paid state income tax in the State of New York. His Federal income tax return was also filed with the collector of internal revenue for the 14th district of New York. From 1938 to 1942 petitioner conducted a business described as "promotion and publicity in the technical field" which *235 involved giving counsel and advice to clients pertaining to promotion and publicity in connection with engineering projects. His experience also consisted of work as a radio engineer, as editor of a radio news magazine and also some work as an instructor at New York University, although he himself did not have an engineering degree. In May 1942 he accepted a position with the Signal Corps of the United States Army as an engineer with a civil service rating of P-4. His appointment was designat5d when made as "war service appointment - indefinite." His compensation was on a straight salary basis. During May and June 1942 petitioner was assigned to work at Fort Monmouth, New Jersey, to make a survey of training facilities for the Signal Corps school, as a preparation for the establishment of a new school to be located in Florida. In July 1942 petitioner was transferred to Camp Murphy, Florida, to assist in organizaing a radar training program and school at that place. He remained there until March 1943 when he was assigned to duty in Washington, D.C., with his office in the Pentagon Building. In Washington he was charged with editing a technical monthly publication of the Signal Corps. *236 These assignments of duty were for indefinite periods of time, but he remained in Washington until February 1944. In petitioner's income tax return for 1943 he claimed a deduction in the amount of $646.50 for living expenses while away from home, which deduction was disallowed by the Commissioner for the reason that said expenses were incurred at his post of duty and therefore are personal expenses. All of this expenditure was for room rent. It included nothing for meals or travel expense. For the taxable year petitioner received $4,590.35 salary from the Government and $600 as a fee from a client. The facts in this case were all developed from petitioner's own testimony except as to the termination of his services in Washington and the source of the $600 item of income, both of which facts were admitted by petitioner in his brief. The petitioner represented himself at the hearing and in his brief. [Opinion] The question before this Court involves the interpretation of section 23 (a) (1) (A), I.R.C., which reads in part: "SEC. 23. DEDUCTIONS FROM GROSS INCOME. "In computing net income there shall be allowed as deductions: "(a) Expenses. - *237 "(1) Trade or Business Expenses. - "(A) In General. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for sslaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *." and 24 (a) (1), I.R.C., which reads in part: "SEC. 24. ITEMS NOT DEDUCTIBLE. "(a) General Rule. - In computing net income no deduction shall in any case be allowed in respect of - "(1) Personal, living, or family expenses, * * *." The Commissioner contends that the expenses incurred were personal to the taxpayer, incurred for his own convenience, and that there was no "direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or his employer;" moreover, that such expenditure was not "necessary or appropriate to the development and pursuit of the business or trade" as required by the decision of the Supreme Court in Commissioner v. Flowers, 326 U.S. 812 [326 U.S. 465, *238 The petitioner contends that since his employment was designated "war service appointment - indefinite" he was on temporary service, that his relationship with the United States Government was not that of employee and employer, but that the United States was a client of the taxpayer in the same way his other clients employed him. While the petitioner furnishes us with no citations, his contentions herein are very similar to those made by the taxpayer in Harry F. Schurer, 3 T.C. 544. However, the distinction between the Schurer case and the facts surrounding the case at bar is discussed in Arnold P. Bark, 6 T.C. 851. The petitioner in that case made the same contention as the petitioner herein when he was employed by a manufacturing company to supervise certain installations at different locations owned by the company employing his services. This Court held, however, under the facts in that case, which were not greatly unlike those in the case at bar, that such employment was not "temporary" employment but was employment of "indeterminate duration," that the petitioner's post of duty was at Philadelphia where he was working; and that for tax purposes he *239 could not claim to be away from his home which was in Pittsburgh, Pennsylvania. Concerning a similar contention the Board of Tax Appeals in Mart L. Bixler, 5 B.T.A. 1181, said: "A taxpayer may not keep his place of residence at a point where he is not engaged in carrying on a trade or business, as this petitioner testified was true in this instance, and take a deduction from gross income for his living expenses while away from home." Petitioner's contention that the United States Government was a "client" of his during the taxable year is hardly compatible with the fact that he had a civil service P-4 rating and that he was paid by salary. He gave no business reason why it was necessary for him to preserve his residence in New York while working from March 1943 to February 1944 on employment in Washington, when the employment was of an unknown duration. In his brief he says that his wife was employed in New York as a teacher and that his son was attending school there. These are both very good personal reasons why it would have been unwise for the petitioner to remove his wife and son to Washington, but those reasons have little or no connection with the prosecution *240 of his work as editor of a Signal Corps magazine. The question involved in this case has been decided so frequently that further discussion would seem to be uncalled for. See S. M. R. O'Hara, 6 T.C. 841; George W. Lindsay, 34 B.T.A. 830; Jennie A. Peters, 19 B.T.A. 901; William Lee Tracy, 39 B.T.A. 578; John Henry Chapman, 9 T.C. 619; George F. Thompson, 6 T.C. 285, aff'd. 161 Fed. (2d) 185. Decision will be entered for the respondent.