Ernest L. Fisher v. Commissioner.
Fisher v. Commissioner
Docket No. 14798.
United States Tax Court
1948 Tax Ct. Memo LEXIS 189; 7 T.C.M. (CCH) 286; T.C.M. (RIA) 48082; May 14, 1948
*189 Ernest L. Fisher, pro se. John E. Mahoney, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent determined a deficiency in income tax for the calendar year 1943 in the amount of $190.66. One issue having been waived by petitioner and another subject to settlement under Rule 50 computation, the sole remaining question relates to the deductibility of expenses for rent, meals, and laundry incurred by petitioner while employed by the War Production Board in Washington, D.C., at the same time that he was maintaining a home for his family in New Jersey. Findings of Fact For many years prior to the year involved, petitioner resided with his wife and minor children in New Brunswick, New Jersey. His 1943 tax return was filed with the collector for the fifth district of New Jersey. From 1923 to 1936 petitioner was an instructor in economics, primarily at Rutgers University where, because of his engineering interest and knowledge, he adapted an economics course for students studying engineering. From 1937 to 1939 he was employed as an investment counselor. He was not gainfully employed from 1939 to 1942, but devoted his *190 time to a means of improving electric shaving devices. Petitioner had an aptitude for mechanics and had invented and had patented in 1924 a trigger for firearms. In order to carry on his work, he built a workship in the cellar of his home, and had available other facilities in a machine shop operated by a friend in New Brunswick. He also was permitted to use thelibrary at Rutgers University, and because of his prior association with some of the professors in the engineering department he consulted with them on problems that arose in his work. Because of a lack of success in perfecting his device and because scarcity of materials, particularly rubber, impeded further research, late in 1941 petitioner decided to undertake work more closely related to the war effort. The demands for economists for service with the Federal Government having increased as a result of the war, petitioner in January, 1942, accepted employment as an economist with the War Production Board in Washington, D.C.; he received a "Temporary Appointment" to the position. Shortly thereafter petitioner was "frozen" in his employment under regulations which provided for his release only to accept employment more essential *191 to the war effort. He made some effort to secure other employment but was unsuccessful. In August, 1942, he received a promotion, and his employment with War Production Board did not end until September, 1945. During all of 1943 petitioner was so employed, and received compensation in the amount of $5,065.14, his only income for that year. He worked at his position six days weekly for a total of 48 hours per week. During 1943 he maintained a home in New Brunswick, where his wife and children lived. His wife was gainfully employed for nine months during 1943. Petitioner would return to New Brunswick about every third weekend, at which time he would devote about four hours doing experimental work in the workshop at the home. He spent about 25 hours during the year in Washington on such experimental work. Petitioner secured no other patents than the one for the trigger on firearms, and received no income from any of his inventive activities. On his 1943 tax return petitioner deducted $240 for room rent, $510 for meals, and $30 for laundry, which he expended for living expenses in Washington, and explained the deduction as follows: "Expenses of separate maintenance incident *192 to temporary status appointment, and not compensated for by corresponding reductions in home budget expense." Respondent disallowed the deduction of $780. Opinion Petitioner's expenditures for lodging, meals, and laundry in the District of Columbia were as much personal living expenses as though they had been paid elsewhere. William W. Todd, 10 T.C. 655 (April 20, 1948). Petitioner was not "away from home in the pursuit of a trade or business," within the meaning of Internal Revenue Code, section 23 (a) (1) (A), while stationed in the District of Columbia throughout the taxable year on the full-time business of his employer. Commissioner v. Flowers, 326 U.S. 465; George F. Thompson, 6 T.C. 285, affirmed (C.C.A., 2nd Cir.), 161 Fed. (2d) 185; Mort Bixler, 5 B.T.A. 1181. Not only was this his principal employment during the year at issue; it was his only gainful occupation. And see Edward C. Myers, 6 T.C. 258. Petitioner was not a "dollar-a-year-man," as described in G.C.M. 23672, 1943 C.B., 66, there being no duality of occupation as envisaged by that ruling; and *193 his employment was not temporary in nature within the purview of Harry F. Schurer, 3 T.C. 544, as unmistakably appears by the distinction drawn from that case in Arnold P. Bank, 6 T.C. 851: "We do not think that the facts here are comparable with those which obtained in the Schurer case. Although the petitioner well understood when he accepted his first employment * * * that it was to be for a period of only three or four months, the situation was vastly different so far as it relates to the year 1941 [here 1943]. What was originally temporary employment had * * * become an employment of indeterminate duration. Petitioner's post of duty was * * *" Washington, D.C.
On the only contested issue, the deficiency thus appears to have been correctly determined. Any attempt to inject a further question as to so-called "fur coat tax" is foreclosed by the pleadings, by the absence of any evidence to sustain petitioner's position, and most inexorably by the stipulation of the parties entered of record at the hearing. Decision will be entered under Rule 50.