Ralph A. Waugh v. Commissioner.
Waugh v. Commissioner
Docket No. 21116.
United States Tax Court
1950 Tax Ct. Memo LEXIS 143; 9 T.C.M. (CCH) 600; T.C.M. (RIA) 50175; July 19, 1950
Robert Shaw, Esq., for the petitioner. William C. W. Haynes, Esq., for the respondent. TURNER Memorandum Findings of Fact and Opinion The respondent determined deficiencies in income tax against petitioner for the calendar years 1946 and 1947 of $641.61 and $138.11. The question for determination is whether petitioner is entitled to deduct his living expenses while serving as assistant construction superintendent for Morton C. Tuttle Company of Boston, Massachusetts, on construction work in Savannah, Georgia. Findings of Fact The petitioner is an individual residing in New Market, New Hampshire. He filed his income tax returns for the calendar years 1946 and 1947 with the collector of internal revenue for the district of New Hampshire. *144 For approximately fourteen years prior to the beginning of his employment in 1946 in Savannah, Georgia, as hereinafter set forth, petitioner had maintained a home for himself and his family in New Market. During his absence under his employment in 1946 and 1947 in Savannah, Georgia, petitioner continued to maintain his family in the New Market home. About 1941 petitioner was employed as an engineer by Morton C. Tuttle Company, a construction management organization with its principal offices in Boston, Massachusetts. After a few years of field work he was assigned to the staff of the home office in Boston. In July 1946, after about a year and one-half in the Boston office, petitioner was offered the job of assistant construction superintendent in Savannah, Georgia. Some six months prior to that time the Tuttle Company had begun working under a contract with the Union Bag and Paper Corporation for the enlargement of the latter's plant in Savannah, Georgia. Petitioner's assignment to the Savannah job was not for a specific period of time. He was to serve there so long as his services were required. It was his estimate that the construction work under the then existing contract would *145 have been completed before the end of 1946, possibly in three or four months after his arrival in Savannah in July. His services as assistant construction superintendent were needed during what has been described as the "peak load" period of construction. An assistant construction superintendent was needed during that period of construction when the number of employees on the job exceeded more than 100 men and this need would continue until toward the end of the work when the number of employees needed for completion of the job dropped below 100. On July 8, 1946, very shortly after petitioner's arrival in Savannah, the first of a new series of construction contracts was entered into between the Morton C. Tuttle Company and the Union Bag and Paper Corporation. Due to the work under that contract and additional contracts entered into from time to time, petitioner's employment in Savannah continued until October 1948 when petitioner returned to Boston. The contracts provided for additional storehouse and factory buildings. At the time petitioner was assigned to the SAVANNAH JOB IN July of 1946, it was not known that his company would obtain the future contracts. When petitioner was *146 made assistant construction superintendent in Savannah his salary was increased from $100 weekly to $125. The additional $25 was given as increased compensation and not as an allowance for away from home expenses. During his period of service in Savannah petitioner was not provided with an expense allowance. He did receive, however, his traveling expenses from Boston to Savannah and from Savannah back to Boston when his period of service in Savannah ended. Petitioner kept no record of his living expenses while employed in Savannah. In his returns for 1946 and 1947 he claimed deductions as living expenses while away from home in pursuit of his trade or business at the rate of $6 per day. The deductions so claimed were disallowed by the respondent in his determination of the deficiencies herein. Opinion TURNER, Judge: The only question submitted for determination is whether petitioner is entitled to a deduction of $6 per day as "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business" under section 23(a)(1)(A) of the Internal Revenue Code. It is the position of the respondent *147 that whatever amounts were expended by petitioner for meals and lodging while in Savannah were under the facts personal expenditures, the deduction of which is barred by the provisions of section 24(a)(1) of the Code. While it is true that when petitioner first went to Savannah it was his estimate that he would be through with his work there before the end of 1946, it is also true that the actual period of his service there was indefinite in that he was expected by his company to serve as long as he was needed. Furthermore, within a few days after his arrival in Savannah an additional contract was signed and the work under that contract and others which followed in fairly regular and rapid succession made it clear that petitioner's post of duty for an extended and indefinite period would be Savannah. The facts and circumstances of the petitioner's employment in this case are substantially the same as those of the petitioners in Grover Tyler, 13 T.C. 186 and Arnold P. Bark, 6 T.C. 851. Petitioner's employer obviously regarded Savannah as petitioner's post of duty and the facts, we think, disclose that it was his post of duty. Such being the case the claims *148 of deduction were not well taken. Commissioner v. Flowers, 326 U.S. 465; Grover Tyler, supra; Arnold P. Bark, supra.See also John D. Johnson, 8 T.C. 303. Decision will be entered for the respondent.