J. Morgan Wilson v. Commissioner.
Wilson v. Commissioner
Docket No. 22049.
United States Tax Court
1952 Tax Ct. Memo LEXIS 316; 11 T.C.M. (CCH) 159; T.C.M. (RIA) 52046; February 21, 1952
*316 J. Morgan Wilson, pro se. Thomas A. Steele, Jr., Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The respondent has determined a deficiency in income tax for the year 1945 in the amount of $246.69. Prior to the trial of this proceeding, by his amended answer, the respondent made claim for an increase in the deficiency to the extent of $87, so that the total amount of the deficiency involved in this proceeding is $333.69. There are two questions for decision: (1) whether the petitioner paid $868 to churches and charitable organizations so as to be entitled to deduction in that amount under section 23 (o) of the Code; and (2) whether the petitioner was "away from home" in the pursuit of his business activities when he lived in a hotel at Cedar Rapids, Iowa, so as to be entitled to a business traveling expense deduction, for hotel room expenses, under section 23 (a) (1) (A) of the Code, in the amount of $300. The petitioner filed his return with the collector for the district of Wisconsin. Findings of Fact The petitioner and his wife resided in Madison, Wisconsin, during most of 1945, where the family home was located. *317 In the latter part of 1945, he and his family moved to Minneapolis. The petitioner's mother received her chief support from him. She used part of the allowance she received from him for her contributions to her church. The petitioner has deducted $310 for church contributions, most of which represents the contributions of the petitioner's mother, and the rest, contributions of the petitioner's wife. The petitioner has no records or other evidence of church contributions. The petitioner, his wife, and his mother made gifts of goods - "furnishings" -, not money, to the U.S.O. for its meeting place. The petitioner does not have cancelled checks or other evidence to substantiate alleged donations to charitable organizations such as the Animal Rescue League, Hennepin County War Chest, Salvation Army, U.S.O., Red Cross, and others to which he claims donations were made in the total amount of $615. The petitioner was employed by Honeymead Products Company during the first six months of 1945 and received $2,579.33 for his services. He was employed by Cargill, Inc., during the last six months of 1945, and received $4,375 for his services. No travel expense deduction is claimed in connection *318 with services performed for Cargill, Inc. Honeymead Products Company, hereinafter called Honeymead, manufactures and sells livestock and other feeds. It maintains offices in Cedar Rapids, Iowa. The petitioner was a sales supervisor for Honeymead. He was given a sales territory. His work required traveling. He did not have a desk or office in Honeymead's offices. He had the responsibility of employing and directing salesmen to work in his sales territory. The system followed by the petitioner, as a sales supervisor, was to develop sales in the area, with salesmen, and then to proceed to another area, where the same process was repeated. The petitioner helped the salemen sell feed. He had from ten to fifteen salesmen whose work he supervised. It was his practice to set up his headquarters in a hotel located in the area in which he was working with salesmen. He spent two to four months, within his own discretion, in developing sales in an area, and then he moved to another area, where he set up headquarters in another hotel from which he went out selling in that area for several months. Honeymead paid petitioner a commission based on tons of feed sold but did not pay his traveling or *319 hotel expenses. The petitioner's contract with Honeymead contemplated that his work would be done outside, away from its offices; that he would develop sales in various areas, setting up his own headquarters in hotels, and traveling about within the radius of a town. The petitioner worked for Honeymead under the same arrangements prior to 1945. His territory covered Iowa, Minnesota, Wisconsin, North and South Dakota. When he worked in Minnesota he stayed in Sioux Falls, or Fairmont, or Rochester. He did not cover his entire territory in any one year. During the first six months of 1945 when the petitioner worked for Honeymead, he worked in an area within a radius of 75 miles around Cedar Rapids, and in an area around Spencer, Iowa. He spent about four months working with salesmen in the Cedar Rapids area, and about two months working in the Spencer area. While he was working in the Cedar Rapids area, he set up his headquarters at a hotel in Cedar Rapids, and while he was working in the Spencer area, he set up his headquarters in a hotel in Spencer. The expense of a hotel room in Cedar Rapids was $300, and the expense of a hotel room at Spencer was $200. While the petitioner was *320 in Cedar Rapids he was not located at the headquarters of Honeymead and did not do his work from its offices. He set up his headquarters in Cedar Rapids, rather than in some other town, as a matter of convenience, and in the same way as he would set up his headquarters at Sioux Falls, or Rochester, or Spencer. The petitioner, during the four months he was working in the area around Cedar Rapids, was traveling for his employer and was as much away from his employer's headquarters as he was when he was located at Spencer, or any other city which served as a central point for his operations. Opinion There are two issues: (1) Whether the petitioner is entitled to deduction of $868 for donations to churches and charitable organizations. (2) Whether the petitioner is entitled to deduct $300, the expense of hotel accommodations in Cedar Rapids. The petitioner appeared in Court without the aid of counsel. He has not filed a brief. He is unacquainted with practice before this Court. In so far as it is proper to do so, we have taken these matters into consideration. Issue 1. The petitioner took deduction for charitable contributions, in his return, in the total amount of $925. The *321 respondent has allowed deduction of $57 and disallowed deduction of $868. The petitioner has the burden of proving that he made the contributions to the organizations and in the amounts which he has alleged. The petitioner is not entitled to deduction of $868 for charitable and church contributions for two reasons. First, he has no proof of the alleged donations, [1] - no receipts, cancelled checks, or any other evidence to substantiate his claim. And, in the instance of alleged gifts of furnishings to the U.S.O., he has not proved the fair market value thereof at the time of the alleged gifts. Second, the petitioner admits that a large part of the deduction claimed for church contributions represents his mother's donations. Under the provisions of section 23 (o) of the Internal Revenue Code, deductions are allowed for charitable and church gifts of the taxpayer. If a taxpayer makes a gift of money to another person, and that person makes a gift to a church or a charity, deduction is allowed to the person who makes the church contribution but is not allowed to the taxpayer who gave funds to the other person. Petitioner is allowed deductions for dependents, and *322 he has received such deduction for his mother whose support he provided in 1945. But petitioner is not entitled to deduct his mother's church contributions. Therefore, the respondent's determination with respect to the church contributions is correct. Also, the alleged church contributions must be disallowed for failure of proof. And for failure of proof, deductions for alleged contributions by the petitioner to the Red Cross, Salvation Army, U.S.O., Animal Rescue League, and other organizations in the alleged amount of about $610 is denied. The respondent has allowed deduction of $5 for such gifts, and $52 for church contributions. *323 Issue 2. Section 23 (a) (1) (A) of the Internal Revenue Code allows deduction for traveling expenses while away from home in pursuit of a trade or business. The respondent's view in this proceeding is that the petitioner is entitled to deduct hotel expense incurred in Spencer, Iowa, because when there, the petitioner was away from his employer's home office; but that he is not entitled to deduct hotel expense in Cedar Rapids because his employer's home office was located there. In other words, the respondent admits that the petitioner's contract with Honeymead required that he travel, but he questions the status of the petitioner during the four months he worked in the area around Cedar Rapids and had hotel accommodations there. The first question, therefore, is a fact question, whether the petitioner was in a travel status during the four months he had hotel accommodations in Cedar Rapids. Upon this question we have found from all of the evidence before us that the petitioner was traveling for his employer and was away from his employer's headquarters during the time he worked in the 75 mile area around Cedar Rapids. If there had been some town other than *324 Cedar Rapids from which the petitioner could have as conveniently worked and in which the petitioner had set up his hotel headquarters, there would not be any question about his hotel expense, just as there is no question abount his hotel expense in Spencer, which has been allowed. In principle and in fact the Cedar Rapids hotel expense is not different from the Spencer hotel expense. The petitioner with his salesmen was developing and making sales in the area around the city of Cedar Rapids, and it is immaterial that the offices of Honeymead happened to be located in Cedar Rapids. The petitioner was not "headquartered" at Honeymead's offices, as the respondent argues. He did not have an office or a desk there, and he was not doing his work there. Whether he was or was not is a question of fact, and the entire record supports the conclusion that the petitioner was not, but that he simply had set up his own headquarters in a hotel in Cedar Rapids while doing his sales supervision work in the area around Cedar Rapids, in the same way as was his custom in other cities when he was working in other areas. The petitioner's situation was similar to that of the taxpayer in the case of Charles G. Gustafson, 3 T.C. 998, *325 and the question comes within the rule of that case. We are satisfied that the Cedar Rapids hotel expense was required by the exigencies of the petitioner's contract with Honeymead, i.e., by his business, which not only involved moving about from one area to another, and moving about within an area, but which consisted of being "on the road" and away from Honeymead's offices. Cf. Barnhill v. Commissioner, 148 Fed. (2d) 913, 917. The petitioner was not "stationed" in Cedar Rapids by his employer and his more or less permanent place of business was not there. He was there only temporarily. It was merely another one of his two or three month stands on his traveling circuit through his sales territory which embraced several states. This proceeding is distinguishable, therefore, from Commissioner v. Flowers, 326 U.S. 465; Arnold P. Bark, 6 T.C. 851; John D. Johnson, 8 T.C. 303; and Grover Tyler, 13 T.C. 186. The respondent questions, also, the adequacy of petitioner's proof that his Cedar Rapids hotel expense amounted to $300, but we are satisfied that it was $75 per month for four months, or $300. It is held that the *326 petitioner is entitled to a deduction of $300 under section 23 (a) (1) (A) of the Code for business traveling expense. Decision will be entered that there is a deficiency for 1945 in the amount of $246.69. Footnotes
1. Regulations 111, section 29.23(o)-1. Contributions or gifts by Individuals. - * * * In connection with claims for deductions under section 23(o), there shall be stated in returns of income the name and address of each organization to which a contribution or gift was made and the amount and the approximate date of the actual payment of the contribution or gift in each case. Claims for deductions under section 23(o)↩ must be substantiated, when required by the Commissioner, by a statement from the organization to which the contribution or gift was made showing whether the organization is a domestic organization, the name and address of the contributor or donor, the amount of the contribution or gift and the date of the actual payment thereof, * * *.