Chester E. Brown and Frieda Brown v. Commissioner.
Brown v. Commissioner
Docket Nos. 2236-63, 5704-63.
United States Tax Court
T.C. Memo 1964-186; 1964 Tax Ct. Memo LEXIS 151; 23 T.C.M. (CCH) 1101; T.C.M. (RIA) 64186; July 9, 1964
Charles C. McConnell, 306 Kentucky Home Life Bldg., Louisville, Ky., for the petitioners. Dennis M. Feeley, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: The sole issue in this case is whether certain expenses for meals and lodging incurred by nusband petitioner in 1961 and 1962 are deductible under section 162(a)(2) of the Internal Revenue Code of 1954. Respondent does not contest the reasonableness or substantiation of the amounts which were deducted as "out of town living expenses - room and board" at the rate of $35 per week, but has determined that they do not constitute allowable deductions "under *152 section 162, or any other section of the Internal Revenue Code of 1954," resulting in deficiencies of $342.26 in 1961 and $304.92 in 1962. Findings of Fact Some of the facts have been stipulated and are so found, all stipulated facts being incorporated herein by this reference. Petitioners are husband and wife. They filed joint Federal income tax returns for 1961 and 1962 with the district director of internal revenue, Louisville, Kentucky. Frieda had no separate income, consequently Chester will hereinafter be referred to as petitioner. For many years past, and during the years in issue petitioner has maintained a home for himself, his wife and their daughter in Louisville, Kentucky. He is a boilermaker welder by trade, working at the erection and repair of boiler parts, pressure vessels, tanks, smoke stacks, etc. For at least 5 years prior to the years in issue petitioner had worked for many employers, getting the jobs through the Louisville headquarters of Local 40 of the Boilermakers and Blacksmiths Union to which he belonged. He testified that he had not tried to obtain more permanent employment during this period. In 1959, 1960 and until January 6, 1961, petitioner *153 worked for approximately eight different employers on 12 separate jobs which varied in duration from 1/2 day to about 6 months. These jobs were located in Louisville, Kentucky, Ford, Kentucky, New Albany, Indiana, and Toledo, Ohio. Petitioner was referred by his union local to the Tennessee Valley Authority (T.V.A.) at Paradise, Kentucky, 160 miles from Louisville, and after passing a physical examination he was employed as one of a group of about 125 welders by the T.V.A. at Paradise on January 6, 1961, and was continuously so exclusively employed until March 2, 1963, a period of 26 months. The T.V.A. did not require petitioner to live in any particular locality nor did it make him any allowances or per diem payments of any kind. He rented a room or a small apartment some 6 or 7 miles from the job site where he lived alone during each work week, traveling to Louisville on week ends to visit his family. It is the deductibility of his room and board expenses at Paradise that is in issue. Petitioner testified that he did not know how long this job would last when he took it, but that he knew it was going to be a "big job." He also testified that the T.V.A. had a seniority system *154 which assured him of keeping the job for 1 year if his work was satisfactory, but that after 1 year he could be "bumped" out of his job by any qualified man who had spent more time than he in working for the United States Government or in the armed forces. After 26 months on the job, but before the job was finished, petitioner was so "bumped." Opinion It is our view that there are no substantial factual differences to distinguish this case from Floyd Garlock, 34 T.C. 611. [1] If anything, this case is less favorable to petitioner for it involves one continuous employment whereas Garlock involved several. We conclude therefore, that petitioner's employment by the T.V.A. was not temporary and that the expenses claimed in 1961 and 1962 were not incurred away from home in the pursuit of a trade or business, and are not deductible. Decision will be entered for the respondent. Footnotes
1. Also see and compare Henry C. Warren, 13 T.C. 205; John D. Johnson, 8 T.C. 303; and Arnold P. Bark, 6 T.C. 851↩.