Robert G. Wine and Patricia Wine v. Commissioner.
Wine v. Commissioner
Docket No. 2965-69 SC.
United States Tax Court
T.C. Memo 1970-195; 1970 Tax Ct. Memo LEXIS 157; 29 T.C.M. (CCH) 877; T.C.M. (RIA) 70195; July 16, 1970, Filed Robert G. Wine, pro se, Copen, W. Va., Rudolf L. Jansen, for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: This proceeding involves a deficiency in Federal income tax for the taxable year 1967 in the amount of $477.63. The sole issue presented is whether certain amounts incurred during 1967 for meals, lodging, and travel constitute traveling expenses while "away from home" within the meaning of section 162(a)(2) of the Internal Revenue Code of 1954, as amended. 878 Findings of Fact Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, is *158 incorporated herein by this reference. The petitioners, Robert G. Wine ("Robert") and Patricia Wine, husband and wife, filed their joint Federal income tax return for the year 1967 with the district director of internal revenue at Parkersburg, West Virginia. As of the date of the filing of the petition in this case, petitioners maintained their domicile at Copen, West Virginia. Robert is an electrician. For approximately the past thirteen years he has been performing services as an electric lineman. Robert is a member of the International Brotherhood of Electrical Workers and is affiliated with Local No. 71, located at Columbus, Ohio. From June 21, 1965 through February 16, 1968, Robert's employers and places of employment were as follows: Time Period
Employer
Place of Employment
6/21/65 - 12/26/65
Hatfield Electric Co.
Cleveland, Ohio
1/ 1/66 - 3/ 6/66
Hatfield Electric Co.
Cleveland, Ohio
3/27/66
Fosco Fabricators, Inc.
Lake County, Ohio
3/28/66 - 5/20/66
California Electric Co.
Parma, Ohio
5/21/66 - 2/16/68
Collier Construction Co.
Metropolitan area of Cleveland, Ohio
Subsequent to February 16, 1968, Robert continued to perform services *159 for other concerns in or around Cleveland, Ohio. For approximately the past ten years petitioners have owned and maintained a residence in Copen, West Virginia, which is about three hundred miles from Cleveland. Their home is located on fifteen acres which petitioners own. On most weekends during 1967 Robert drove to Copen from Cleveland to visit his wife and four children. Robert accepted employment in Cleveland because he could not obtain employment within the jurisdiction of his union local. His work assignments came from the business manager of that union local. While employed by the Collier Construction Company ("Collier") during 1967 Robert performed services at four separate job sites. Transferring between job sites was done upon the instruction of a Collier superintendent. When Robert changed job locations, he did not return to Copen unless the change occurred over a weekend. When the business manager of the union local assigned Robert to an employer, Robert did not know what would be the duration of that assignment. Throughout the period of time Robert worked in the Cleveland area he stayed at three different hotels in Cleveland. During 1967 he stayed at one particular *160 hotel. The location or nearness of his actual place of work did not influence Robert's changing from one hotel to another. On their joint Federal income tax return for 1967 petitioners deducted Robert's meal and lodging expenses while in Cleveland as well as automobile expenses for one leg of his weekend visits to Copen. Respondent has disallowed these deductions in full. Opinion The sole issue presented is whether Robert incurred certain meal, lodging, and automobile expenses while "away from home," within the meaning of section 162(a)(2). [1]
Throughout the pertinent period Robert owned a residence in Copen, West Virginia. Although his wife and four children continuously lived there, he was in Copen only on weekends. The *161 remainder of the week he stayed at a hotel in Cleveland, Ohio. During the entire year in question he was employed in the Cleveland area by a single company as an electric lineman. The union local with which Robert had affiliated was located at Columbus, Ohio. Robert does not dispute that the term "home" as used in section 162 means the 879 vicinity of his principal place of employment and not where his personal residence is located. See Commissioner v. Stidger, 386 U.S. 287 (1967). Robert does make two arguments in support of his position. First, he contends that his "home" was at the location of his union local in Columbus, Ohio, and thus his expenses in Cleveland, Ohio were incurred "away from home." Robert's other argument is that his employment in the Cleveland area was "temporary" and so under legal principles enunciated by this Court his meal and lodging expenses there should be deductible under section 162(a)(2). Regarding Robert's first contention, this Court does not consider the location of a taxpayer's union local in and of itself to be his tax home. Hollie T. Dean, 54 T.C. 663 (1970). In that case the taxpayer was a construction worker *162 who maintained his residence in Williamsport, Maryland. During the tax year in question he worked for three employers and was assigned to several construction sites in Maryland and Virginia. Taxpayer obtained his jobs through his union local which was in Washington, D.C. In reaching our holding in Dean we initially considered and then rejected the contention that the situs of the union local was the taxpayer's home for Federal tax purposes. We reasoned that although the officers at the union local were helpful and instrumental in obtaining employment for the taxpayer, our focus should be upon where the taxpayer worked and created his income through employment. Based upon respondent's concession that the various construction sites at which the taxpayer worked were temporary places of business, we concluded that taxpayer's residence did not cease to be his tax home. The result was that the expenses claimed as a deduction under section 162 were allowed. Having reaffirmed herein our position taken in Dean that the location of a union local is not in and of itself a "tax home," we must next consider the question as to whether petitioner's employment in 1967 was "temporary." The law relating *163 to this question is well summarized in Ronald D. Kroll, 49 T.C. 557 (1968) at 562: * * * if a taxpayer has a principal place of employment in one location and accepts temporary work at another location, his presence at the second location is regarded as "away from home." E.G. Leach, 12 T.C. 20 (1949); Harry F. Schurer, 3 T.C. 544 (1944). However, if the taxpayer, having a principal place of employment in one location, accepts work at another location which is not temporary but is of indefinite or indeterminate period, his presence at the second location is not regarded as "away from home." Commissioner v. Peurifoy, 254 F. 2d 483 (C.A. 4, 1957), reversing 27 T.C. 149 (1956), affirmed per curiam 358 U.S. 59 (1958). Further, if the employment while away from home, even if temporary in its inception, becomes substantial, indefinite, or indeterminate in duration, the situs of such employment for purposes of the statute becomes the taxpayer's home. Leo M. Verner, supra; Arnold P. Bark, 6 T.C. 851 (1946). Looking to the facts presented in the case at bar we think that even if Robert's employment *164 in the Cleveland area was temporary at its inception in 1965, it had become "substantial, indefinite, or indeterminate in duration" by the outset of 1967, the year in question. Since Cleveland was thus Robert's home for tax purposes in 1967, the meal, lodging, and automobile expenses resulting from his living there were not deductible under section 162(a)(2). This conclusion is supported by our opinion in Floyd Garlock, 34 T.C. 611 (1960). The Garlock case is remarkably similar on its facts to the case at bar. The taxpayer was a heavy-duty equipment mechanic. His residence was in Mohawk, New York, his union local in Binghamton, New York, and during the years in dispute he performed work for an employer at various construction project sites in the vicinity of Passaic, New Jersey. In concluding that the taxpayer's employment in Passaic was not temporary, we rejected two arguments advanced by the taxpayer. One argument was that the taxpayer's work on each construction project constituted a separate and distinct temporary job. A second argument was that certain union practices indicated that the nature of his job was temporary. Rejecting both of these arguments, we stressed *165 that the taxpayer's employment had been within a reasonably confined area and for an indefinite period of time. [2] For the same reasons we sustain respondent's deficiency determination herein.
Decision will be entered for the respondent. 880 Footnotes
1. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; and * * *↩
2. For another case strikingly similar to the instant case see John Thomas Edge [Dec. 24, 749 (M)], T.C. Memo 1961-94↩.