Wesley Hanson Harrington v. Commissioner.
Harrington v. Commissioner
Docket No. 32570.
United States Tax Court
1953 Tax Ct. Memo LEXIS 281; 12 T.C.M. (CCH) 436; T.C.M. (RIA) 53139; April 23, 1953
*281 Held, under all the facts, petitioner is not entitled to deduct the cost of meals and lodging while working on various construction jobs throughout the country during the taxable years. Wesley Hanson Harrington, pro se. Melvin A. Bruck, Esq., for the respondent. RICE
Memorandum Opinion RICE, Judge: The respondent determined deficiencies in income tax for the years 1947 and 1948 in the amounts of $591.29 and $309.26, respectively. The sole issue is whether amounts expended by petitioner during the taxable years for meals and lodging are deductible as expenses incurred away from home in connection with the performance of services as an employee, under sections 22 (n) (2) and 23 (a) (1) (A) of the Internal Revenue Code *282 . All of the facts were stipulated, are so found, and are incorporated herein. For the calendar years 1947 and 1948, petitioner filed his individual income tax returns with the collector of internal revenue for the second district of New York. He maintained a home in New York City, during the taxable years, where his wife and two daughters permanently resided. Since 1914, petitioner has been continuously employed (except for the period 1934 to 1941) as a field accountant by Stone and Webster (later Stone and Webster, Incorporated, and Stone and Webster Engineering Corporation), construction engineers. In his work, petitioner was ordered to various localities within the United States where his employer was engaged in the construction of power stations, oil refineries, etc. At these locations, petitioner acted in a general accounting capacity, maintaining required financial records of the projects, and handling local pay roll and local purchasing. The length of time required to complete various projects varied widely, and, before the project was begun, the employer made an estimate of the required time. These estimates were subject to weather, labor, and supply conditions. At *283 the employer's discretion, petitioner could be taken off a given project before it was completed. Such a situation occurred three times since petitioner's employment began in 1914. The amount of time spent by petitioner in any one location generally varied from 10 to 18 months. During the taxable years, petitioner worked at the following locations: May 1946 to February 1947
Toledo, Ohio
February 1947 to May 1948
Crossett, Arkansas
June 1948 to May 1949
South Point, Ohio
While working on the project at South Point, Ohio, petitioner resided at Ironton, Ohio, where he estimated the population during his stay to be 2,500 to 3,000. He estimated the population at Crossett was 5,000. Petitioner was reimbursed by his employer for actual transportation costs and all actual expenses while traveling from one job to another. Petitioner was not reimbursed, nor was he granted any allowances while staying at a particular location. In addition to petitioner, the employer also had some superintendents of construction and mechanical and electrical supervisors whose orders were similar to those of petitioner. Some of these employees traveled with their families, housing them *284 in trailers, hotels, or furnished apartments. Available rental housing facilities in some localities were of a lower class than those to which petitioner and his family were accustomed. Petitioner kept no detailed records of his living expenses while away from New York City during the calendar years. In his income tax return for 1947, he deducted $1,000 for "living expenses away from home," and in the year 1948, he deducted $1,800. These amounts were estimates by petitioner. In his brief, respondent concedes that petitioner spent at least the amounts claimed in his returns for the taxable years for meals and lodging while at the various stations of employment, but maintains that such expenses are nondeductible personal or living expenses, and in his notice of deficiency disallowed such deductions. Respondent argues that the petitioner's expenses were not incurred "while away from home". He maintains that petitioner's "home" was his post of duty during the time he was there, since such post of duty was for an indefinite and indeterminate length of time and was not temporary. This case is controlled by Beatrice H. Albert, 13 T.C. 129 (1949), and cases cited therein. *285 As in the Albert case, petitioner's employment here was indefinite in duration rather than obviously temporary, since it could not be foreseen that termination would occur within a short period such as was the situation in E. G. Leach, 12 T.C. 20 (1949), and Harry F. Schurer, 3 T.C. 544 (1944). Under such circumstances, petitioner's post of duty was, for the period that he was there, his "home", and expenses for meals and lodging while at such posts of duty are, therefore, not deductible under section 23 (a) (1) of the Internal Revenue Code. Decision will be entered for the respondent.