T. G. Frazier, Jr. v. Commissioner.
T. G. Frazier, Jr. v. Commissioner
Docket No. 38419.
United States Tax Court
1953 Tax Ct. Memo LEXIS 96; 12 T.C.M. (CCH) 1129; T.C.M. (RIA) 53325; October 6, 1953
*96 Malcolm E. Rosser, Esq., for the petitioner. George H. Seefeld, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The respondent determined a deficiency in the income tax of petitioner for the year 1949 in the amount of $213.12. The petitioner alleges that he made an overpayment in the amount of $232. In determining the deficiency, the respondent disallowed dependency exemption credit claimed by petitioner for his brother, and deductions for meals and lodging, work clothes, cigarette tax, interest and sales tax. The petitioner is a resident of Oktaha, Oklahoma, and filed his income tax return for the year 1949 with the collector of internal revenue for the collection district of Oklahoma at Oklahoma City. Dependency exemption credit. During the year 1949 petitioner's brother, Lloyd R. Frazier, attended Miami Junior College at Miami, Oklahoma. While at school Lloyd performed part-time jobs and earned about $350. During vacations he resided with his father and received room and board in return for work which he did. The petitioner contributed $245 to the support of his brother during 1949. Lloyd's expenses during the school *97 year 1949 included $200 for tuition and $40 per month for room rent or a total of at least $560, exclusive of board and clothing. In his income tax return for 1949, petitioner claimed his brother Lloyd as a dependent. The respondent disallowed the dependency exemption credit claimed for Lloyd. In order to be entitled to the claimed exemption, the burden was on the petitioner to prove that he furnished over half of the support of his brother Lloyd during the year 1949. Section 25 (b) (3), Internal Revenue Code. He has not sustained this burden as it is quite apparent from the evidence submitted that the $225 Lloyd received from the petitioner during 1949 did not constitute over half of his support. Respondent's disallowance of the claimed exemption is, therefore, sustained. Meals and lodging. The petitioner during 1949 worked on two jobs as an oil pipe paint machine operator. He obtained employment on these jobs through a foreman for the H. C. Price Construction Company, which laid oil pipe lines. One of the jobs was in Champaign, Illinois, and lasted for eight weeks, and the other was in Winchester, Virginia, and lasted for twenty-three weeks. Petitioner paid *98 his own transportation expenses from his home in Oktaha to and from the places where these jobs were located, and was required to pay his own living expenses while employed at those places. Petitioner's employment on each job was terminated when the job was completed. He never worked for the H. C. Price Construction Company at Bartlesville, Oklahoma, where its home office was located. Between jobs the petitioner lived in Oktaha, Oklahoma, which is nine miles from Muskogee. While working on the jobs at Champaign and Winchester petitioner lived in hotels and ate his meals in restaurants. In his return for 1949 he claimed as a deduction the amount of $551 which he expended for meals and lodging while at Champaign and Winchester. This deduction was disallowed by the respondent. Although it may be difficult to draw the line between employment in a distant place that is merely temporary and other such employment that is indefinite in character, we think that the petitioner had no regular post of duty or place of regular employment during 1949 away from Oktaha which could be regarded as his "home" for the purpose of Section 23 (a) (1) (A). His employment at Champaign and Winchester was *99 of comparatively short duration and was obviously temporary; the expenditures he made for food and lodging while at these places constituted traveling expenses while away from his home in Oktaha in pursuit of his trade. The respondent erred in disallowing the claimed deduction for such expenditures. Cf. E. G. Leach, 12 T.C. 20; Harry F. Schurer, 3 T.C. 544. Work clothes. In his work as an oil pipe paint machine operator, the petitioner wore ordinary overalls, high top shoes, and long leather gloves. During the year 1949 he purchased six suits of overalls, four pairs of high top shoes, and 48 pairs of leather gloves. The cost of the gloves varied from $.98 to $1.45 a pair. The cost of ordinary work clothing, such as overalls, and laundry thereof, is not a deductible expense. Louis M. Roth, 17 T.C. 1450, 1455; Harry A. Roberts, 10 T.C. 581, 585, affirmed on another issue, 176 Fed. (2d) 221 (C.A. 9). It appears from the evidence in this proceeding, however, that the high top shoes and leather gloves worn by petitioner in his work were special working apparel necessary to protect him from hot paint used in the performance *100 of his duties. Evidence produced as to the cost of these shoes and gloves to the petitioner is not entirely satisfactory. However, we are convinced that petitioner is entitled to a deduction for amounts expended in acquiring them, and, doing the best we can with the evidence at hand, we find that petitioner is entitled to a deduction of $75. Cigarette taxes. The petitioner testified that in the course of the year 1949 he smoked one or two packs of cigarettes per day and that he paid a tax of about five cents a pack. The record does not disclose where he purchased these cigarettes. If they were purchased in Oklahoma, the petitioner would be entitled to no deduction as the Oklahoma cigarette tax has been held to be non-deductible by the consumer. Commissioner v. Thompson, 193 Fed. (2d) 586 (C.A. 10); Louis M. Roth, 17 T.C. 1450, 1452. If they were purchased elsewhere, we have no proof which would permit us to determine whether any taxes paid were or were not an allowable deduction. Decision on this issue is for the respondent. Interest. The petitioner offered no evidence on this issue and the respondent's disallowance of the claimed deduction must be *101 sustained. Sales tax. The petitioner offered no evidence on this issue and the respondent's disallowance of the claimed deduction must be sustained. Election to use long-form method of itemizing deductions. The petitioner alleged in his petition that the respondent erred in computing the deficiency upon the basis of the allowance of a standard deduction when he elected to use the long-form method of computation. The petitioner does not argue this issue on brief, and, since the allowance of the standard deduction may be to his advantage, this assignment of error will be deemed to have been abandoned, if the use of the standard deduction operates to his benefit. Decision will be entered under Rule 50.