Owen H. Murphy and Josephine C. Murphy v. Commissioner.
Murphy v. Commissioner
Docket No. 1718-66.
United States Tax Court
T.C. Memo 1967-205; 1967 Tax Ct. Memo LEXIS 55; 26 T.C.M. (CCH) 1015; T.C.M. (RIA) 67205; October 20, 1967
Owen H. Murphy, pro se, 12890 Dolphin Ave., Detroit, Mich. Robert T. Hollohan, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the calendar year 1962 in the amount of $401.93. One of the respondent's adjustments has been conceded by petitioners, and the sole issue for determination is whether petitioners have incurred deductible expenses for travel "away from home" within the meaning of section 162(a)(2) of the Internal Revenue Code of 1954. [1]
Findings of Fact Some *56 of the facts have been stipulated, and the stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Owen H. Murphy and Josephine C. Murphy, husband and wife, had their legal residence in Detroit, Michigan, at the time the petition herein was filed. They filed a joint Federal income tax return for the calendar year 1962 with the district director of internal revenue, Detroit, Michigan. Hereinafter Owen H. Murphy will be referred to as the petitioner. Petitioner is a certified public accountant. Prior to October 1961 he had spent the major portion of his life in Detroit. Except for the time spent in military service and a two month period in early 1961 during which he was employed in Springfield, Ohio, petitioner had always lived and worked in Detroit. In August 1961 petitioner was interviewed by the United States Navy Contract Audit Office in Detroit, relative to a position with the United States Navy Contract Audit Office located in Fort Wayne, Indiana (now Defense Contract Audit Office). He accepted employment with the Fort Wayne office on October 9, 1961, as an auditor. The position accepted by petitioner was described by *57 the Department of the Navy as a "career-conditional" appointment, which is defined as "other than a temporary" appointment. The work was nonseasonal and there was no basis on which petitioner could infer that he was not hired for an indefinite period. This employment was the petitioner's principal source of income for the period October 1961 to June 1962. During the taxable year in question, from January 1, 1962, to June 24, 1962, petitioner incurred expenses for rent and meals while at Fort Wayne in the amounts of $359 and $705, respectively. For this same period, petitioner maintained a home for his wife and child in the Detroit area. Petitioner's wife was employed in the Detroit area during part of this period, and petitioner's child went to school in Detroit until the end of the school year in June 1962. Petitioner was in the habit of returning to be with his family in Detroit on weekends and incurred transportation costs in the amount of $514.33. These trips were not required by his employment and were solely the personal preference of petitioner. In addition to the home for his wife and child there, petitioner also retained various social contacts in the Detroit area. *58 He has always maintained a bank account in Detroit. Such account was active until June 1962. The account remained opened but was dormant after June 1962. Petitioner returned to Detroit at various times for medical and dental services and for automobile repairs during the period October 1961 to June 1962. He also maintained voting registration in Detroit through June 1962. Finally, until June 1962 petitioner answered various help-wanted ads and was registered with a Detroit personnel agency. In June 1962 petitioner moved his wife and child to Fort Wayne. He remained employed at the Fort Wayne position until January 15, 1966. On their joint Federal income tax return for the calendar year 1962 petitioners deducted transportation and living expenses in the total amount of $1,578.33. Respondent, in his statutory notice of deficiency, determined that the expenses were not deductible. Ultimate Finding of Fact Expenditures in the total amount of $1,578.33 for living expenses in Fort Wayne and travel expenses between Fort Wayne and Detroit were nondeductible personal living expenses. Opinion The issue for determination is whether the amounts in question are allowable deductions *59 within section 162(a)(2). Section 162(a)(2) provides: (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including * * *
(2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business * * * In Commissioner v. Flowers, 326 U.S. 465, 470 (1946), the Supreme Court stated: Three conditions must thus be satisfied before a traveling expense deduction may be made * * * (1) The expense must be a reasonable and necessary traveling expense * * * (2) The expense must be incurred "while away from home." (3) The expense must be incurred in pursuit of business. * * * This last requirement demands that the expense, to be deductible, must be required by the exigencies of business and not be a result of the personal preference of the employee. Commissioner v. Flowers, supra. When a taxpayer for reasons personal to himself and his family maintains a home for his family at a place removed from his place of employment, his travel and maintenance expenses *60 at either place have been held to be not deductible as they are not required by the exigencies of business. See also Barnhill v. Commissioner 148 F. 2d 913 (C.A. 4, 1945), affirming a Memorandum Opinion of this Court. To this rule, however, there is an exception that allows a deduction to be taken by a taxpayer for amounts expended for traveling to, and meals and lodging at, a place of employment, if the employment there is temporary, as contrasted with indefinite or indeterminate, even though the expenses are not incurred due to the exigencies of business. See Peurifoy v. Commissioner, 358 U.S. 59 (1958). The narrow question before us, therefore, is whether petitioner's employment at Fort Wayne was temporary. Such a question is one of fact and must be decided upon the basis of all the relevant circumstances. Peurifoy v. Commissioner, supra. On the basis of the entire record in the case at bar, we are convinced that petitioner's employment at Fort Wayne was for an indefinite period and was not temporary within the meaning of the above exception. The position accepted by petitioner with the Department of the Navy was not temporary. The *61 employer described the position as "career-conditional" which it defines as other than temporary appointment. Though we agree with petitioner that we are not bound by the labels attached by the parties, see Floyd Garlock, 34 T.C. 611 (1960), we think that such terminology is relevant in determining the relationship of the parties. There is nothing in the record which tends to show that the nature of the employment or the expectation of the employer was anything but indefinite or indeterminate. It is clear that in neither particular could the employment be termed temporary. In fact, the employment lasted until January 15, 1966, a period just in excess of four years. Petitioner's main argument, however, is that at the time he accepted the employment at Fort Wayne, he intended that he would return to Detroit within a reasonable period of time. He argues, and we have found as a fact, that he maintained various contacts with Detroit and continued to seek employment in that area. He concedes that as of June 24, 1962, some eight months after his acceptance of the employment, the employment became indeterminate in duration. We cannot agree with petitioner's conclusion that *62 the above factors render the employment temporary. It is our opinion that they do no more than confirm that the employment was at best indefinite. Petitioner took a position which was by its nature, and to the understanding of his employer, not a temporary appointment, and his intention to return at some future time to Detroit is insufficient standing alone to support petitioner's conclusion that the employment was temporary. We note that in June of 1962 petitioner, having failed to locate employment in Detroit, moved his family to Fort Wayne rather than return to Detroit himself. His original intention was not necessarily to leave Fort Wayne within a specific or reasonably definite period of time, and petitioner has not, in any case, shown that he had intended a reasonably short period of time. We cannot conclude that such an employment situation, though it may not be permanent, is anything but indefinite. In any case, we hold that it is not temporary and that on these facts petitioner's case is not aided by the language of Rev. Rul. 60-189, 1960-1 C.B. 60. We would also note that petitioner's reliance on the case of Harvey v. Commissioner, 283 F. 2d 491 *63 (C.A. 9, 1960), reversing 32 T.C. 1368 (1959), is misplaced. In the Harvey opinion the Circuit Court relied on a finding that normally employment of the type involved therein, because of "the requirements of his employer's business," [p. 495] lasted only a few months and that it was reasonable for the taxpayer therein to conclude that such would be the case with him. Under those circumstances the Ninth Circuit held that the taxpayer could deduct his expenses at the new site until he later moved his family to the area. Such is not the case before us, because we have found herein that the nature of the job was not such that it could be expected to terminate in a short time. The same fact again distinguishes the case at bar from such cases as Harry F. Schurer, 3 T.C. 544 (1944). See Beatrice H. Albert, 13 T.C. 129 (1949). We, therefore, hold that, because petitioner's employment in Fort Wayne was not temporary, the expenses of traveling to, and his meals and lodging at, that place are nondeductible personal expenses. See Commissioner v. Flowers, supra; and Barnhill v. Commissioner, supra. We hold that the Flowers case *64 also bars the deduction of weekend travel expenses as personal expenses. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954.↩